IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEF MAATUK, | ) | CASE NO. 1:16CV3023 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| EMERSON ELECTRIC, et. al., | ) | ORDER ADOPTING REPORT AND |
| | ) | RECOMMENDATION |
| Defendants. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate

Judge Thomas M. Parker, which was issued on November 14, 2017 (ECF #66). For the following

reasons, the Report and Recommendation, is hereby ADOPTED.

This lawsuit involves U.S. Patent 7,775,105 ("the '105 Patent"), issued to Defendant

Therm-O-Disc, Inc. (hereafter "TOD"), by the United States Patent and Trademark Office

("USPTO"), on August 17, 2010. (ECF #66, p. 4)

Plaintiff, Josef Maatuk, ("Mr. Maatuk"), developed a technology described as a "multi-

function liquid sensing device" (the "Sensor"). (ECF #66, p.3). In 1997, Mr. Maatuk entered into

a Confidentiality Agreement ("CDA") with TOD, and provided information regarding the Sensor

in order for TOD to evaluate and potentially license the Sensor. TOD indicated in 1999 that it was

not interested in pursuing the technology. Mr. Maatuk sent a cease and desist letter to TOD on

August 3, 2000, and shortly thereafter, litigation ensued, whereby Mr. Maatuk accused TOD of

breaching the CDA and violating two of his patents.[1]  In 2002, TOD was granted summary

judgment, as the Court found no breach of the CDA, no violation of Mr. Maatuk's patents and no

trade secret misappropriation by TOD.[2]

On August 17, 2010, the USPTO granted the '105 Patent to TOD, listing two TOD

employees as the inventors and TOD as the original assignee. (ECF #1, p. 2).

On August 17, 2016, Mr. Maatuk filed this Complaint against Emerson Electric, Inc.,

TOD, and two former TOD employees, alleging three causes of action: (1) correction of

inventorship, (2) misappropriation of trade secrets, and (3) unjust enrichment.  (ECF #1).[3]  TOD is

the only remaining Defendant in this matter, as the other Defendants were previously dismissed

from this matter. (*See* ECF #28).  On March 17, 2017, TOD filed a Motion for Summary Judgment

(ECF #47) and a Motion for Judgment on the Pleadings (ECF #48).

In the Report and Recommendation, Magistrate Judge Parker recommends that this Court

DENY summary judgment as to the First Cause of Action, and GRANT summary judgment on the

Second and Third Causes of Action. Mr. Maatuk filed an Objection to the Report and

Recommendation, (ECF #67), and TOD filed a Response (ECF #68).  For the reasons more fully

set forth herein, this Court adopts the Report and Recommendation of Magistrate Judge Parker.

---

[1]     The previous lawsuit was captioned *Therm-O-Disc, Inc. v. Maatuk*, Case No. 1:00-CV-2015 before Judge Gaughan in the United States District Court, Northern District of Ohio.

[2]     See ECF #89, PageID# 2393-97. This ruling was upheld by the United States Court of Appeals for the Federal Circuit in 2003. (ECF #66, p. 2).

[3]     This Complaint was originally filed in the U.S. District Court for the Central District of California, Case No. 16CV6177, but was later transferred to this Court on December 19, 2016. (ECF #29).

I.    Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and

recommendation depends upon whether objections were made to that report.  When objections are

made to a report and recommendation of a magistrate judge, the district court reviews the case *de*

*novo*. Fed. R. Civ. P. 72(b) provides this standard of review.  It states, in pertinent part, the

following:

> The district judge to whom the case is assigned shall make a *de novo*
> determination upon the record, or after additional evidence, of any portion
> of the magistrate judge's disposition to which specific written objection
> has been made in accordance with this rule.  The district judge may accept,
> reject, or modify the recommended decision, receive further evidence, or
> recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which timely objections

have been filed, *de novo. See Dacas Nursing Support Sys., Inc., v. NLRB*, 7 F.3d 511 (6th Cir.

1993).

II.    Legal Analysis

A.    Count I - Correction of Inventorship under 35 U.S.C. § 256

Mr. Maatuk alleges that he is entitled to be listed as a co-inventor of Patent '105 because

he provided TOD with information pertinent to the development of the technology covered by

Patent '105.  (ECF #66, p. 8). TOD argues that Mr. Maatuk's claim is barred by the doctrine of

laches, however, TOD did not present the requisite evidence to show that Mr. Maatuk's delay in

filing suit was unreasonable or that TOD suffered material prejudice by such delay.  Rather, TOD

argues that it is entitled to a rebuttable presumption of laches because Mr. Maatuk knew about

Patent '105 six years or more before filing this Complaint. (ECF #66, pp. 9-11).

-3-

As Magistrate Judge Parker outlines, in co-inventor actions under 35 U.S.C. § 256, a rebuttable presumption of laches only applies if six years has passed since the inventor knew or should have known of the issuance of the disputed patent. (ECF #66, pp. 9-10). The laches period begins to run on the date the patent was issued by the USPTO, regardless of whether the inventor knew or should have known he was being excluded as an inventor during the application process prior to issuance. (*See Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331, 1335 (Fed. Cir. 2012). Therefore, once the patent issues, 35 U.S.C. § 256 provides a private right of action to challenge inventorship.

Mr. Maatuk filed this action on August 17, 2016, within six years after the issuance of Patent '105 on August 17, 2010. Based upon these facts, Magistrate Judge Parker found that there is no presumption of laches, and that TOD did not prove unreasonable delay or prejudice resulting from that delay. Therefore, Magistrate Judge Parker recommends that this Court DENY summary judgment on TOD's first cause of action. This Court adopts this recommendation, and therefore, TOD's Motion for Summary Judgment on Count I of Mr. Maatuk's Complaint is DENIED.

B.  Counts II and III - Violation of the Ohio Uniform Trade Secrets Act (R.C. §§ 1333.61-69)

TOD argues that Mr. Maatuk's misappropriation of trade secrets claim is barred by the statute of limitations set forth in the Ohio Uniform Trade Secrets Act ("OUTSA"), R.C. §§ 1333.61-69. Magistrate Judge Parker indicates that the Sixth Circuit has interpreted OUTSA as containing a four-year statute of limitations, which begins to run when the alleged misappropriation of the trade secret is discovered, or by the exercise of reasonable diligence, should have been discovered. (ECF #66, p. 13, *citing Allied Erecting & Dismantling Co., Inc. v. Genesis Equip. & Mfg, Inc.*, 805 F.3d 701 (6th Cir. 2015). Magistrate Judge Parker found that Mr.

-4-

Maatuk's claim accrued when he instructed his attorney to send the cease and desist letter to TOD on August 3, 2000, prior to the filing of the first lawsuit.[4] Therefore, Mr. Maatuk's claims against TOD of misappropriation under OUTSA were not filed within the four-year statute of limitations required under OUTSA, and this Court agrees with the recommendation that TOD's motion for summary judgment be GRANTED on the Second Count of Mr. Maatuk's Complaint.

Magistrate Judge Parker recommends that since Mr. Maatuk is barred from bringing an OUTSA claim against TOD, any unjust enrichment damages claim under OUTSA is similarly barred. (ECF#66, p. 19). This Court adopts this recommendation, and therefore, summary judgment for TOD is GRANTED on the Third Count of Mr. Maatuk's Complaint.

Although Counts II and III are dismissed as time-barred, Magistrate Judge Parker also considered TOD's arguments that Mr. Maatuk is collaterally and equitably estopped from asserting his claims for misappropriation of trade secrets and unjust enrichment. To prove collateral estoppel, TOD is required to show the following: (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Georgia-Pacific Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012). Magistrate Judge Parker found that the issue of which exact trade secrets were allegedly misappropriated was never decided in the previous litigation, and therefore, collateral estoppel does not apply. (ECF #66, p.

---

[4]     Magistrate Judge Parker went on to state that even under Mr. Maatuk's arguments that he raised misappropriation claims against TOD during the application phase of a later patent in 2006, those claims would still be time-barred under OUTSA. (ECF #66, pp. 16-18).

22). This Court agrees with this finding, and hereby adopts this portion of Magistrate Parker's Report and Recommendation.

In order to prove equitable estoppel, TOD must show: (1) a factual representation by words, acts, or silence: (2) the representation was misleading; (3) the party seeking equitable estoppel actually relied on the representation, and that reliance was "reasonable under the circumstances and made in good faith;" and (4) the reliance was detrimental to the relying party. *Sampson v. Sisters of Mercy of Willard, Ohio*, No. 3:12CV824, 2016 WL 660917, at *3 (N.D.Ohio Feb. 18, 2016)(citation omitted). TOD argues that Mr. Maatuk failed to identify with specificity the trade secrets that needed protection, and that it relied upon the representation-by-silence to its detriment. (ECF #66, pp. 23-24). Magistrate Judge Parker found that TOD has not shown that it relied upon Mr. Maatuk's silence to its detriment, and cannot show that any such reliance, had it occurred, would have been reasonable or in good faith. This Court agrees with the finding, and hereby adopts this portion of the Report and Recommendation.

C.    Judgment on the Pleadings - Unjust Enrichment

TOD argues that Mr. Maatuk's common-law claim of unjust enrichment is preempted by Section 1333.67 of OUTSA because it is based on the same operative facts as the misappropriation of trade secrets claim. (ECF #66, pp. 24-25). Magistrate Judge Parker, relying on current case law in this District, agreed that Mr. Maatuk's common-law claim is preempted by OUTSA. Therefore, this Court adopts this finding, and TOD's motion for judgment on the pleading on the Third Cause of Action for common-law unjust enrichment is GRANTED.

III.    Conclusion

This Court has reviewed the Report and Recommendation of this case *de novo, see Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993), and has considered all of the pleadings, affidavits, motions, and filings of the parties. The Court finds Magistrate Judge Limbert's Report and Recommendation to be thorough, well-written, well-supported and correct. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge in its entirety.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(C); Fed. R. App. P. 22(b).

Therefore, the Report and Recommendation of Magistrate Judge Thomss M. Parker, (ECF #66), is ADOPTED as follows:

- TOD's Motion for Summary Judgment (ECF #47) is DENIED as to Count One;

- TOD's Motion for Summary Judgment (ECF #47) is GRANTED as to Counts Two and Three; and

- TOD's Motion for Judgment on the Pleadings, (ECF #48), is GRANTED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: January 24, 2018

-7-