IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEF MAATUK, | Case No. 1:16-cv-03023-TMP |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| THERM-O-DISC, | |
| Defendant. | **ORDER DENYING MOTION TO COMPEL DICOVERY** |

**I.     Introduction**

This order addresses defendant Therm-o-Disc, Incorporated's ("TOD") motion to compel responses to its first set of interrogatories, numbers 5, 9, and 12. *See* ECF Doc. 75. For the following reasons, TOD's motion to compel is **DENIED**.

This lawsuit involves U.S. Patent 7,775,105 ("the '105 patent"), issued to Prasad Khadkikar and Bernd D. Zimmermann, by the U.S. Patent and Trademark Office ("USPTO") on August 17, 2010. *See* ECF Doc. 1, Ex. A. The inventors assigned the patent to TOD. *Id*. The claims arise from discussions between the parties and the disclosure of confidential information concerning liquid sensors related to automotive fuel tank sensing and other technology. *See* ECF Doc. 1. Maatuk brought claims for correction of inventorship, misappropriation of trade secrets, and unjust enrichment against TOD and other defendants. *Id*. After preliminary rounds of dispositive motions, only one claim remains, the First Cause of Action, which seeks correction of inventorship of the '105 patent under 35 U.S.C. § 256. *See* ECF Doc. 69, p. 4, 7.

## II. Factual History

On September 6, 2017, the parties jointly moved for a telephone conference, in which TOD sought: full and complete responses to certain interrogatories concerning a detailed description of Maatuk's alleged trade secrets that he alleged TOD misappropriated; an identification of where the alleged trade secrets may be disclosed in each of Maatuk's patents and patent applications; and an identification of where the alleged trade secret was disclosed to TOD. *See* ECF Doc. 59. The court conducted a telephone status conference on September 14, 2017. *See* ECF Doc. 60. At the status conference, TOD asserted that it had not received sufficient responses to three interrogatory requests, which TOD paraphrased as follows, interrogatories inquiring about: (1) the specificity of each trade secret; (2) the date and mode of each disclosure of a trade secret to TOD; and (3) whether any of the secrets were contained in Maatuk's own patents. *See* ECF Doc. 60. As to the first two issues, Maatuk explained that he provided approximately 172 documents in lieu of a specific response to the questions. *Id*. As to the third issue, Maatuk appeared to be unsure whether he had to provide information on patents he filed after his disclosures to TOD. *Id*. The court ordered Maatuk to submit a supplemental response to his interrogatory answers, in which he was make an itemized list of each trade secret he alleges TOD misappropriated, including the elements of each secret, the date Maatuk disclosed the trade secret to TOD, and the mode of disclosure. *Id*.

On October 10, 2017, Maatuk filed his list of the alleged trade secrets he gave to TOD ("supplemental response"). *See* ECF Doc. 61. An excerpt from Maatuk's list is included below.

| TRADE SECRETS | DATE DELIVERED | MEANS OF DELIVERY |
|---|---|---|
| ALTERNATE MEDICAL APPLICATION | 05-17-1998 | PHONE & FAX |
| ALTERNATE APPLICATION OF THE SENSOR | 06-02-1998 | PHONE & FAX |
| ALTERNATE PROBE CONFIGURATION | 06-02-1998 | PHONE & FAX |

*Id*. On October 16, 2017, TOD filed a letter regarding Maatuk's trade secret chart, in which TOD argued Maatuk's response did not satisfy the court's order because Maatuk "completely fail[ed] to describe with any specificity the alleged trade secrets included on his list" and "it appear[ed] that Maatuk did not review *all* of his patent applications to determine whether they contain[ed] his alleged trade secrets." *See* ECF Doc. 62, p.2. TOD argued that Maatuk denied it "the ability to understand and defend against his allegations by failing to provide a detailed description of his alleged trade secrets." *Id*.

On May 7, 2018, after the court adjudicated the preliminary dispositive motions in the case and granted TOD summary judgment with respect to Counts Two and Three (*See* ECF Doc. 69), the court conducted a telephone conference concerning the discovery dispute regarding the sufficiency of Maatuk's trade secret disclosures provided in response to TOD's interrogatories. *See* ECF Doc. 72. The court ordered TOD to file any motions regarding the sufficiency of Maatuk's trade secret disclosure and interrogatory responses on or before May 29, 2019 and ordered Maatuk to file his response on or before June 12, 2018. *Id*.

On May 29, 2019, TOD filed the current motion, in which TOD requests the court order Maatuk to provide full and complete answers to TOD's interrogatories Nos. 5, 6, and 12. TOD's interrogatories that are at issue are reproduced below.

> INTERROGATORY NO. 5:
> Separately describe, in full and complete detail, each alleged Confidential Information that you contend Defendant has misappropriated.
>
> INTERROGATORY NO. 9:
> With respect to each alleged Confidential Information you identified in response to Interrogatory No. 5, identify with specificity, with reference to column and line number(s), everywhere the Maatuk Patents provides a disclosure, description, specification, or the like of the alleged Confidential Information.
>
> INTERROGATORY NO. 12:

> With respect to each alleged Confidential Information you identified in response to Interrogatory No.5, describe in detail when (month/day/year) how, and to whom the alleged Confidential Information was disclosed by the Plaintiff to the Defendant, if at all.

*See* ECF Doc. 75-2, Page ID# 1186-88.

### III. Procedural Background

On August 17, 2016, Maatuk sued TOD and other defendants, who have subsequently been dismissed. *See* ECF Doc. 1. The complaint asserted three causes of action: (1) recognition as co-inventor and correction of inventorship pursuant to 35 U.S.C. § 256; (2) misappropriation of trade secrets; and (3) unjust enrichment. *Id*.

On March 17, 2017, TOD filed a motion for summary judgment, in which TOD sought to have Counts I and II dismissed (ECF Docs. 47 and 47-1), and a motion for judgment on the pleadings, in which TOD sought to have Count III dismissed. *See* ECF Docs. 48 and 48-1. The court held an in-person hearing on these motions on October 23, 2017 and ordered the parties to engage in supplemental briefing to facilitate adjudication of the motions. *See* ECF Doc. 63-65. In a Report and Recommendation issued on November 14, 2017, the Magistrate Judge recommended the court deny TOD's motion for summary judgment as to Count I and grant the motions for summary judgment and judgment on the pleadings as to Counts II and III. *See* ECF Doc. 66. On January 24, 2018, the court adopted the Report and Recommendation in its entirety. *See* ECF Doc. 69.

On May 30, 2018, the parties consented to the transfer of the case to the docket of the undersigned for further proceedings. ECF Doc. 76.

On May 29, 2018, TOD filed the present motion to compel pursuant to Federal Rules of Civil Procedure 33 and 37, and requested that the court order Maatuk to provide full and complete answers to TOD's interrogatory nos. 5, 9, and 12. *See* ECF Doc. 75-1, Page ID# 1166.

Maatuk filed his response to TOD's motion to compel on June 14, 2018. ECF Doc. 77. TOD filed a reply in support of its motion to compel on June 21, 2018. ECF Doc. 78.

IV. **Law and Analysis**

   A. **Motion to Compel Standard**

Federal Rule of Civil Procedure 37 permits a party to request that the court compel a non-responsive party to comply with discovery. Rule 37(a)(3)(B) provides in pertinent part:

> (B) *To Compel a Discovery Response*. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ...
>
> > (iii) a party fails to answer an interrogatory ...; or
> >
> > (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

If a response is evasive or incomplete, it must be treated as a failure to answer or respond. Fed.R.Civ.P. 37(a)(4). Federal Rule of Civil Procedure 33 provides for discovery through interrogatories to parties, which "may relate to any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2). If the answer to an interrogatory may be determined by examining or abstracting a party's business records, and if the burden of deriving the answer will be substantially the same for either party, the responding party may answer by: specifying the records to be reviewed in sufficient detail and giving the interrogating party a reasonable opportunity to examine and audit the records. Fed.R.Civ.P. 33(d).

The Sixth Circuit has determined that the trial court has broad discretion to determine the proper scope of discovery. *Lewis v. AB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d 968, 970 (N.D. Ohio 2008). Evidence is discoverable if it is non-privileged and relevant to the claims or defenses of either party and "proportional to the needs of the case, considering the importance of the issues

at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1)..

The proponent of a motion to compel discovery bears the initial burden of proving the information sought is relevant. *O'Malley v. NaphCare Inc*., 311 F.R.D. 461, 463 (S.D. Ohio 2015). "Once the information is shown to be discoverable, the burden shifts to the opponent of the motion to compel "to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." *Giunto v. Metro. Grp. Prop. & Cas. Ins. Co*., No. 1:11 CV 2774, 2013 WL 12131306, at *2 (N.D. Ohio Aug. 20, 2013).

**B. Defendant's Motion to Compel**

TOD argues that Maatuk's supplemental response (ECF Doc. 61) failed to meet the requirements of the court's order (ECF Doc. 60) and Fed. R. Civ. P. 33. *See* ECF Doc. 75-1, Page ID# 1169. Maatuk argues that the present litigation is no longer a trade secret misappropriation dispute, because the only remaining cause of action concerns the alleged co-inventorship of the '105 patent. *See* ECF Doc. 77, Page ID# 1260.

Having reviewed Maatuk's list of trade secrets (ECF Doc. 61) filed in response to the court's September 15, 2017 order (ECF Doc. 60), this court agrees that Maatuk's responses are largely inadequate. Maatuk's list of alleged trade secrets merely consists of a list of generic and/or vague labels, such as "business connections," "dimensions of wire heater," "experimental results," etc., that fails to include "the elements of each secret and specifics such as dimensions and ratios" the court's order required. *See* ECF Docs. 60 and 61. Maatuk also failed to "identify

in that list which document(s), if any, relate[d] to each itemized disclosure[]." *Id*. However, TOD's arguments regarding the court's order issued on September 15, 2017 – which explicitly concerned the allegedly misappropriated trade secrets – are moot now that Maatuk's trade secret misappropriation claims have been dismissed. *See* ECF Docs. 66 and 69. TOD's motion to compel, with respect to Maatuk's failure to comply with the court's September 15, 2017 order, is moot and hereby DENIED.

In regard to TOD's contention that Maatuk failed to provide intelligible and meaningful responses to TOD's Interrogatories 5, 9 and 12, Maatuk argues that he properly responded by producing business records, in accordance with Fed. R. Civ. P. 33(d). *Id*. *See* ECF Doc. 77, Page ID# 1260. TOD argues the burden of deriving or ascertaining the answer to the interrogatories is not substantially the same for either party. *See* ECF Doc. 82, p.2 n.2. As stated above, Rule 33(d) permits a party to provide business records in response to interrogatories, if (1) the answer may be determined by examining a party's business records and (2) "the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed.R.Civ.P. 33(d). Rule 33(d) requires, however, that a responding party specify the record in sufficient detail to permit the interrogating party to locate and to identify, as readily as the responding party, the records from which the answer may be ascertained. *Id*. Upon review, the court agrees Maatuk's use of Rule 33(d) was not proper. However, TOD's interrogatory nos. 5, 9, and 12 all sought information concerning "Confidential Information" that Maatuk contended TOD misappropriated and were, thus, related to Maatuk's second claim for misappropriation of trade secrets. *See* ECF Doc. 75-2, Page ID# 1186-88. As discussed above, the court has dismissed the trade secret misappropriation cause of action. Consequently, TOD's

interrogatories 5, 9, and 12 are no longer relevant, and TOD's motion to compel regarding these interrogatories must be DENIED.

**V.     Conclusion**

Defendant's Motion to Compel Responses to Defendant's First Set of Interrogatories Nos. 5, 9, and 12, ECF Doc. 75, is DENIED in its entirety.  In order to facilitate the completion of discovery and the potential resolution of all matters remaining, the court hereby schedules a telephonic status conference on Wednesday July 25, 2018 at 2:00 p.m., EDT.

IT IS SO ORDERED.

Dated: July 10, 2018

Thomas M. Parker
United States Magistrate Judge