IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEF MAATUK, | Case No. 1:16-cv-03023 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE |
| | THOMAS M. PARKER |
| EMERSON ELECTRIC, INC., ET AL., | |
| Defendants. | **ORDER ON MOTION FOR** |
| | **RECONSIDERATION** |

**I.     Introduction**

This intellectual property dispute, involves U.S. Patent 7,775,105 ("the '105 Patent"), issued to Defendant Therm-O-Disc, Inc. ("TOD"), by the United States Patent and Trademark Office ("USPTO"), on August 17, 2010. *See* ECF Doc. 1, ¶ 3. Plaintiff, Josef Maatuk, developed a technology described as a "multifunction liquid sensing device" (the "sensor technology"). *See* ECF Doc. 66, p.3. Maatuk alleged that he, on behalf of his DBA business, "Max Em," and TOD entered into a confidentiality agreement ("CDA") so that TOD could evaluate Maatuk's multi-function liquid sensor technology for potential licensing to TOD. Between 1997 and 1999 Maatuk provided TOD information related to the sensor technology. *Id*. In August 1999, TOD informed Maatuk that it had decided not to pursue the opportunity. *Id*. But the parties' relationship, brief though it was, has now spawned three federal lawsuits with Maatuk twice claiming that TOD misappropriated the trade secret information concerning the multi-function liquid sensor he provided to pursuant to the CDA. *Id*.

On August 17, 2010, the USPTO issued the '105 patent, and listed two TOD employees as the inventors and TOD as the original assignee. *See* ECF Doc. 1, p. 2. On August 17, 2016, Mr. Maatuk filed this Complaint against Emerson Electric, Inc., TOD, and two former TOD employees, alleging three causes of action: (1) correction of inventorship; (2) misappropriation of trade secrets; and (3) unjust enrichment. *Id*. TOD is the only remaining defendant, as the other defendants were previously dismissed from this matter. *See* ECF Doc. 28.

On March 17, 2017, TOD filed a Motion for Summary Judgment (ECF Doc. 47) and a Motion for Judgment on the Pleadings (ECF Doc. 48).

On November 14, 2017, I issued a Report and Recommendation in which I recommended that the court deny TOD's request for summary judgment on the First Cause of Action and grant TOD's motion for summary judgment on the Second and Third Causes of Action. *See* ECF Doc. 66. On December 4, 2017, Maatuk objected to parts of the Report and Recommendation. *See* ECF Doc. 67. On December 8, 2017, TOD filed a response to Maatuk's objections. *See* ECF Doc. 68) On January 24, 2018, the district court adopted the Report and Recommendation in its entirety over Maatuk's objections. *See* ECF Doc. 69. On May 15, 2018 the parties consented to my jurisdiction and on May 30, 2018, Judge Nugent ordered the case to be transferred to the docket of the undersigned for all further proceedings, including the entry of final judgment. ECF Docs. 74, 75.

Plaintiff now moves for reconsideration of the summary judgment order, contending the decision is "clearly erroneous and should be reversed." *See* ECF Doc. 84, Page ID# 1423. Because Maatuk has failed to demonstrate that the court erred, the motion for reconsideration must be DENIED.

## II. Law and Analysis

Courts should not reconsider prior decisions when the motion for reconsideration either renews arguments already considered or offers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue. *Bozsik v. Bradshaw*, No. 1:03CV1625, 2012 WL 1095512, at *2 (N.D. Ohio Mar. 30, 2012), *aff'd sub nom. Bozsik v. Bagley*, 534 F. App'x 427 (6th Cir. 2013) (citing *McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996)). However, there are three situations which justify reconsideration: an intervening change in controlling law; the availability of new evidence; and the need to correct clear error or to prevent manifest injustice. *Cook v. All State Home Mortg., Inc.*, No. 106 CV 1206, 2006 WL 3751185, at *4 (N.D. Ohio Dec. 18, 2006) (citing *Plaskon Elec. Materials, Inc., v. Allied–Signal, Inc.*, 904 F.Supp. 644, 669 (N.D.Ohio 1995)).

## III. Analysis

In his motion for reconsideration, Maatuk presents no new evidence or arguments as to his claim for misappropriation of trade secrets in the '105 Patent. Maatuk does not respond directly to the Report and Recommendation, Memorandum Order, or the reasons provided therein for the grant of summary judgement to TOD on Maatuk's Second and Third Counts. Rather, Maatuk reiterates his argument that continuing misappropriation constitutes a single claim and that if the first claim met the requirements of the statute of limitations, then all subsequent claims also fall within the statute of limitation. *See* ECF Doc. 84-1, Page ID# 1428; *see also* ECF Doc. 67, p. 9. He made these same arguments and cited the same case law in his Supplemental Brief to the Motion for Judgement on the Pleadings (ECF Doc. 65) and objections to the Report and Recommendation (ECF Doc. 67), both of which were already considered by this court. Maatuk's approach provides no basis for the reconsideration of the prior rulings.

Thus, in full consideration of the arguments presented in Maatuk's motion, the court finds the decision adopting the Report and Recommendation (ECF Doc. 69) and the Report and Recommendation (ECF Doc. 66) were not clearly erroneous.

IV.     Conclusion

Maatuk has not satisfied his burden to demonstrate a basis for reconsidering the court's ruling on TOD's motions for summary judgment and judgment on the pleadings. Accordingly, Plaintiff's motion for reconsideration (ECF No. 84) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 9, 2018

Thomas M. Parker
United States Magistrate Judge