IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEF MAATUK, | Case No. 1:16-CV-03023 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| EMERSON ELECTRIC, INC., et. al., | |
| Defendants. | **MEMORANDUM OF OPINION AND ORDER** |

On February 8, 2019,[1] plaintiff, Josef Maatuk, mailed to the court an "application for permission to file a reply of plaintiff to the reply memorandum of defendant's motion to summary judgment," *i.e.*, a motion for leave to file a sur-reply. ECF Doc. 93. Maatuk states that he intends to argue in a sur-reply that: (1) defendant Therm-O-Disc ("TOD") has improperly asserted in this case that Maatuk's patents (Nos. 5,730,026 and 5,908,985) were enabled and in the public domain, when it had taken the contrary position that the '026 and '985 patents were not enabled or in the public domain in an earlier case, *Therm-O-Disc, Inc. v. Maatuk*, N.D. Ohio Case No. 1:00-cv-2105; (2) TOD used information that Maatuk supplied in inventing the device in Patent No. 7,775,105; (3) the listed inventors of the '105 patent, Prasad Khadkikar and Bernd Zimmerman, perjured themselves in swearing that they invented the device in the '105 patent without contribution from Maatuk; (4) that he is entitled damages for the lost opportunity to

---

[1] It is unclear from the record whether Maatuk received notice of the court's February 4, 2019, decision granting TOD's motion for summary judgment before he filed his motion for leave to file a sur-reply. *See* CM/ECF for N.D. Ohio Case No. 16-cv-3023, margin notes dated Feb. 4, 2019 (indicating that a copy of the court's February 4, 2019, order was mailed to Maatuk on February 4, 2019).

license the '105 patent and reputational injuries in being omitted as an inventor of the '105 patent; and (5) if the '026 and '985 patents were prior art for the '105 patent, TOD owes him a licensing fee. ECF Docs. 93 and 93-1, Page ID# 1722–32.

## I.     Motion to file a Sur-Reply

Although the Federal Rules of Civil Procedure and the Local Rules do not provide for sur-replies, district courts have discretion to permit sur-replies in "appropriate circumstances." *Key v. Shelby County*, 551 F. App'x 262, 264–65 (6th Cir. 2014) (unpublished). Such circumstances arise "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). An unexplained delay in seeking leave to file a sur-reply may justify its denial. *See Key*, 551 F. App'x at 265 (stating that a district court need only provide an "adequate," and not indefinite, time to respond to new arguments in a reply brief).

Maatuk's motion for leave to file a sur-reply is both untimely and meritless. Given that a reply brief in support of a dispositive motion must be filed within 14-days after service of the response, Maatuk's unexplained one-month delay in seeking leave to file a sur-reply renders his motion untimely. *See* Local Rule 7.1(e); *see also* ECF Doc. 89 (showing that the TOD filed its reply brief on January 7, 2019). Moreover, Maatuk has not shown that TOD's reply contained new arguments, or that Maatuk's ability to respond to TOD's arguments was impaired. Here, TOD raised both its arguments – that (1) the information in the '026 and '985 patents, if considered at all in inventing the device in the '105 patent, were prior art; and (2) that Maatuk was not entitled to any damages – in its motion for summary judgment. ECF Docs. 87 and 87-1, Page ID# 1443–45, 1455, 1465–66, 1470. Furthermore, Maatuk asserted in his response that: (1) the '026 and '985 patents could not have been prior art because they were not enabled; and

(2) that he was entitled to damages because his omission as an inventor of the '105 patent precluded him from licensing it and caused him reputational injury. ECF Doc. 88, Page ID# 1566–69, 1573, 1582–86. Accordingly, Maatuk's motion for leave to file a sur-reply is DENIED as untimely and meritless.

## II.     Motion to Alter or Amend the Judgment

Because *pro se* litigants' pleadings are liberally construed, the court construes Maatuk's post-judgment motion for leave to file a sur-reply as a motion to alter or amend the judgment, under Federal Rule of Civil Procedure 59(e). *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018) (stating that *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings by lawyers).

A trial court has discretion to alter or amend its judgment under Rule 59(e), when a movant shows "extraordinary circumstances which justify relief." *Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir. 1986). A party may not use a Rule 59(e) motion "to raise new legal arguments that could have been raised before the judgment was issued." *Roger Miller Music, Inc. v. Sony/ATF Publishing, LLC*, 447 F.3d 383, 395 (6th Cir. 2007); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (stating that "[a] motion under Rule 59(e) is not an opportunity to re-argue a case"). "Rather, a motion under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Roger Miller Music, Inc.*, 447 F.3d at 395 (internal quotation marks omitted).

An argument that the court erred in relying on a party's argument that was inconsistent with a position that it took in a prior case could, under certain circumstances, assert a manifest legal error in the judgment sufficient to justify relief under Rule 59(e). *See Roger Miller Music,*

*Inc.*, 447 F.3d at 395.  Such circumstances may arise when a party is judicially estopped from asserting a position that is inconsistent with a position he successfully asserted in previous litigation.  *See Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598–599 (6th Cir. 1982) (stating that "[i]f the second tribunal adopted the party's inconsistent position, then at least one court has probably been misled").

"Under 35 U.S.C. § 102(a)(1), prior art encompasses any matter that was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention."  *In re Enhanced Sec. Research*, 739 F.3d 1347, 1354 (Fed. Cir. 2014) (noting that "prior art" is interpreted broadly).  The key inquiry in determining whether a document is "prior art" is whether the public has a means of accessing the document.  *See id.* (stating that even relatively obscure documents qualify as prior art if the public has access to them).

As discussed above, Maatuk raised his arguments – that (1) the '026 and '985 patents could not have been prior art because they were not enabled; and (2) that he was entitled to damages because his omission as an inventor of the '105 patent precluded him from licensing it and caused him reputational injury – in his response to TOD's motion for summary judgment. Maatuk did not, however, assert that TOD's argument – that the information in the '026 and '985 patents, if considered at all in inventing the device in the '105 patent, were prior art – was inconsistent with its argument in the prior lawsuit – that the '026 and '985 patents were invalid because they lacked enablement.  *See* ECF Doc. 89, Page ID# 1568–69, 1573; *see also* CM/ECF for N.D. Ohio Case No. 1:00-cv-2105, Doc. 78, 1122–23 (TOD's motion for summary judgment on the grounds that the '026 and '985 patents were invalid because they lacked enablement). Maatuk response to TOD's summary judgment motion also did not argue that Khadkikar and

Zimmerman perjured themselves, or that he was entitled to a licensing fee if the '026 and '985 patents were prior art to the '105 patent. *See generally* ECF Doc. 89.

Maatuk is not entitled to relief under Rule 59(e). First, Maatuk's motion is an improper attempt to re-litigate his case by raising arguments that he could have, or did, raise in his response to TOD's motion for summary judgment. *Roger Miller Music, Inc.*, 447 F.3d at 395; *Engler*, 146 F.3d at 374. Here, Maatuk does not assert that the court committed any manifest legal error in evaluating, or present any new evidence supporting, his arguments that he was entitled to damages for lost licensing fees and reputational injury. *See generally* ECF Docs. 93 and 93-1, Page ID# 1722–32. Further, he has not submitted any new evidence supporting his claims that Khadkikar and Zimmerman perjured themselves. *See generally id.* Moreover, Maatuk has not explained why he could not have raised his arguments – that (1) TOD took inconsistent positions in this case and prior litigation; and (2) Khadkikar and Zimmerman perjured themselves – in his response to TOD's motion for summary judgment. *See generally id.* Finally, to the extent that Maatuk argues TOD owes him a licensing fee for using the '026 and '985 patents as prior art, his argument is squarely foreclosed by this court's prior decision invalidating the '026 and '985 patents. *See* CM/ECF for N.D. Ohio Case No. 1:00-cv-2105, Doc. 89, Page ID# 2395–96; *see also Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed. Cir. 1985) (holding that a patent holder had the right to enforce his patent *until the patent was held invalid*). Accordingly, Maatuk's Rule 59(e) motion is DENEID as an improper attempt to re-litigate his case by raising arguments that he could have, or did, raise in his response to TOD's motion for summary judgment.

Even if the court considered Maatuk's argument that TOD took inconsistent positions in this case and the earlier case, Maatuk has not shown extraordinary circumstances justifying relief

from the judgment.  *Yuba Natural Resources, Inc.*, 904 F.2d at 1583; *Bally Export Corp.*, 804 F.2d at 400.  Here, TOD's argument that the information in the '026 and '985 patents was prior art merely asserts that '026 and '985 patents were among the information to which the public had access before TOD applied for the '105 patent.  *See In re Enhanced Sec. Research*, 739 F.3d at 1354.  Such an argument is not inconsistent with TOD's successful argument the previous case, that the '026 and '985 patents were invalid due to lack of enablement, because the invalidation of the '026 and '985 patents did not render the invalid patents inaccessible.  CM/ECF for N.D. Ohio Case No. 1:00-cv-2105, Doc. 89, Page ID# 2395–96 (order invalidating the '026 and '985 patents after finding that Maatuk's statements and Khadkikar's declaration testimony supported TOD's argument that the '026 and '985 patents lacked enablement); *see also In re Enhanced Sec. Research*, 739 F.3d at 1354.  Further, the court did not make any decision in the previous case regarding whether the '026 and '985 patents could be considered prior art to the '105 patent.  *See generally* CM/ECF for CM/ECF for N.D. Ohio Case No. 1:00-cv-2105, Doc. 89.  Thus, even assuming that this court relied on TOD's argument that the '026 and '985 patents were prior art to the '105 patent in granting TOD summary judgment, Maatuk has not shown that the court committed manifest legal error in doing so.  *Roger Miller Music, Inc.*, 447 F.3d at 395.

III.     **Conclusion**

Because Maatuk has not explained his one-month delay in seeking to file a sur-reply, and because he has not shown that TOD raised any new arguments in its response brief, Maatuk's motion for leave to file a sur-reply (ECF Doc. 93) is DENIED as untimely and meritless.  Further, to the extent that Maatuk's motion could be liberally construed as a Rule 59(e) motion, his motion is DENIED, because none of his arguments show extraordinary circumstances justifying relief from the judgment.

6

IT IS SO ORDERED.

Dated: February 13, 2019

Thomas M. Parker
United States Magistrate Judge